UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

UNITED STATES OF AMERICA

                                  -against-

CARLTON COATES GRIFFITS,

                                  Defendant.
-----------------------------------------------------------------X

**MEMORANDUM & ORDER**

**13-CR-466 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

On June 9, 2014, this court sentenced Defendant Carlton Coates Griffits to a term of imprisonment of 57 months following his guilty plea of illegal reentry after deportation in violation of 8 U.S.C. § 1326. (J. (Dkt. 19); see also Jan. 10, 2014, Min. Entry (Dkt. 13) (entry of guilty plea).) Before the court are two pro se motions, filed February 9 and November 3, 2016, in which Defendant seeks a reduction in sentence (the "Motions"). (Mot. to Reduce Sent. ("Mot. I") (Dkt. 26); 2d Mot. to Reduce Sent. ("Mot. II") (Dkt. 31).) Defendant asserts three arguments: (1) that he was wrongly denied a downward departure under the "fast track" program; (2) that his sentence is unduly severe given that, as a non-citizen, he is ineligible for certain benefits otherwise available to incarcerated individuals; and (3) that he is eligible for a sentence reduction based on a recent amendment to the United States Sentencing Guidelines (the "Guidelines"). For the reasons stated below, the Motions are DENIED.

I.     THE "FAST TRACK" PROGRAM

Defendant's first argument is that, at the time of sentencing, he met the eligibility requirements for the so-called "fast track" program under USSG § 5K3.1, and that "[t]he court violated his due right by refusing to consider a 'fast track' downward departure in [his] sentence." (Mot. I at 2-3.) The "fast track" downward departure is only available "[u]pon

1

motion of the Government," however. USSG § 5K3.1. At Defendant's sentencing hearing, the Government stated on the record that the Government "decided not to offer [the fast track] program," and that Defendant "implicitly accepted that decision by accepting the plea that was offered to him." (June 6, 2014, Sent'g Tr. 19:2-6; see also id. 11:17-19 (defense counsel: "I understand the government has discretion whether or not to provide the fast track.").) The Government declined to offer a discretionary "fast track" downward departure. Defendant is therefore not entitled to seek such a departure from the court.

## II. RESTRICTIONS ON INCARCERATED NON-CITIZENS

Defendant's "status as a deportable alien . . . makes him ineligible" for certain benefits that are available to incarcerated American citizens, such as credit for completing drug rehabilitation programs or the ability to seek home confinement in lieu of incarceration. (Mot. I at 3.) Defendant argues that "the particular facts of [his] case are [therefore] outside the 'Heartland' of the Guideline case" for his crime, and that the court should have considered a downward departure from the Guidelines sentence. (Id. at 2-3.) This argument fails to account for the nature of Defendant's crime. He entered a guilty plea to illegal reentry after deportation, a crime that, by definition, can only be committed by a deportable alien. Defendant's status as a deportable alien is therefore squarely within the heartland of cases envisioned under the Guidelines. Defendant is not entitled to a sentence reduction on this basis.

## III. THE GUIDELINES AMENDMENT

Defendant's third and final argument is that he is eligible for a sentence reduction under Guidelines Amendment 802, which lowered the offense-level enhancements applicable to certain illegal reentry offenses. See generally U.S.S.G. App. C (Supp.) at 146-59 (2016) (amending USSG §§ 2L1.1, 2L1.2). Amendment 802 had an effective date of November 1, 2016, well after

Defendant's sentencing. The court finds that Amendment 802 does not apply retroactively, and that Defendant is therefore not entitled to a sentence reduction.

### A. Legal Standard

When the United States Sentencing Commission lowers the Guidelines sentencing range for a particular crime, a previously-sentenced defendant may be eligible for a sentence reduction under the amended Guidelines if such "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

This provision "establishes a two-step inquiry." Dillon v. United States, 560 U.S. 817, 826 (2010). "First, the district court must determine whether the defendant in question is 'eligible for a reduction in sentence.'" United States v. Christie, 736 F.3d 191, 194 (2d Cir. 2013) (quoting United States v. Mock, 612 F.3d 133, 137 (2d Cir. 2010)). There is "no constitutional requirement of retroactivity that entitles defendants sentenced to a term of imprisonment to the benefit of subsequent Guidelines amendments." Dillon, 560 U.S. at 828. "A court's power under § 3582(c)(2) thus depends in the first instance on the Commission's decision not just to amend the Guidelines but to make the amendment retroactive." Id. at 826; see also 28 U.S.C. § 994(u) (authorizing the Sentencing Commission to determine "in what circumstances and by what amount" sentence reductions shall apply retroactively).

"[I]f the prisoner is eligible for a reduction, the district court" next "'determines whether, in its discretion, the reduction . . . is warranted in whole or in part under the particular circumstances of the case.'" United States v. Green, — F. App.'x —, 2016 WL 7018345, *1 (2d Cir. Dec. 1, 2016) (summary order) (alterations omitted) (quoting Dillon, 560 U.S. at 827); see also United States v. Wilson, 716 F.3d 50, 52 (2d Cir. 2013) (per curiam).

### B. Analysis

Unlike certain other Guidelines amendments, Amendment 802 was not expressly made retroactive by the Sentencing Commission. See USSG § 1B1.10(d) (listing amendments with retroactive effect). Even so, Amendment 802 could apply retroactively if it was merely "a clarification, rather than a substantive change." United States v. Amico, 573 F.3d 150, 150 (2d Cir. 2009) (citing United States v. Sabbeth, 277 F.3d 94, 96 (2d Cir. 2002)).

The court finds that the operative language in Amendment 802 was not a clarification. By lowering the numerical enhancement levels for certain offenses, the amendment "substantively change[d] an unambiguous provision" in the Guidelines. Id. (finding a substantive change where an amendment reduced a four-level enhancement to a two-level enhancement). Indeed, the Sentencing Commission itself acknowledged that Amendment 802 "significantly revise[d] the illegal reentry" Guidelines based on "the Commission's multi-year study of immigration offenses and related guidelines," which "identified a number of specific areas where changes were appropriate." U.S.S.G. App. C (Supp.) at 153-54 (2016) (emphasis added). The court concludes that Amendment 802 does not apply retroactively, and that Defendant is therefore not eligible for a sentence reduction under Section 3582(c)(2).

### IV. CONCLUSION

For the reasons stated above, Defendant's pro se motions for sentence reduction (Dkts. 19, 25) are DENIED. The court respectfully DIRECTS the Clerk of Court to send Defendant a copy of this Order.

SO ORDERED.

Dated: Brooklyn, New York
March 31, 2017

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge